UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARIS WILLIAMS,

      Plaintiff,

v.

SERRA CHEVROLET AUTOMOTIVE, LLC,
ET AL,

      Defendants.
                                 /

Case No. 12-11756

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO COMPEL
ARBITRATION AND FOR DISMISSAL [9]**

This employment dispute comes before the Court on Defendants' motion to compel arbitration and for dismissal. Plaintiff signed an application for employment at Defendant Serra Chevrolet Automotive, LLC on November 29, 2011, was hired on December 5, 2011, and also signed an Acknowledgment of Receipt of Employee Handbook and Agreement to Arbitrate on December 5, 2011. Plaintiff alleges that she reported disparate treatment on the basis of her gender to Defendant Don Tailor on December 19, 2011, was terminated on January 4, 2012 in retaliation, and was replaced by a male employee. (Compl., ¶¶ 13, 16-20.) Plaintiff filed her complaint on April 19, 2012, alleging claims of sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and Michigan's Elliott-Larsen Civil Rights Act, Mich. Comp. Laws §§ 37.2201, *et. seq.* (*Id.* at ¶¶ 23-52.) Because it is undisputed that Plaintiff was not provided a copy of Defendant Serra Chevrolet's arbitration rules at the time she signed the

Agreement to Arbitrate, she cannot be said to have knowingly and voluntarily waived her right to a judicial forum. *See Alonso v. Huron Valley Ambulance Inc.*, 375 F. App'x 487, 494 (6th Cir. 2010). Defendants' motion is DENIED.

**I.     Facts**

As alleged in Plaintiff's complaint, Plaintiff began working for Defendant on December 5, 2011 as Defendant's only female lube technician. (Compl. at ¶¶ 13, 15.) On December 5, 2011, Plaintiff also signed an Acknowledgment of Receipt of Employee Handbook and Agreement to Arbitrate on December 5, 2011. The Agreement to Arbitrate provides that:

> I accept the Company's offer to arbitrate and agree that any dispute of a legal nature arising under federal, state, or local law between me and the Company, including any such claim regarding Company property, discrimination, harassment, or any other legal dispute relating to my employment or arising under any labor, employment, or civil rights law, <u>will be subject to final and binding arbitration in accordance with the terms of the Company's Arbitration Policy and Arbitration Rules</u>. I understand that the arbitrator, who will serve as judge and jury, has the same authority to award money damages and other relief as does a court or jury. I also understand that, while the Employee Handbook is otherwise subject to change at the Company's discretion, this Agreement to Arbitrate and the Company's Arbitration Policy will be binding and irrevocable for the Company and me as written, with respect to any claim arising while this Agreement is in effect.

(Pl.'s Resp., Ex. B, 12/5/11 Acknow. and Agreement) (emphasis added).

As revealed in Plaintiff's Response and Defendants' Reply, it is undisputed that, at the time she executed the Agreement to Arbitrate, Defendants had not provided Plaintiff with its Arbitration Policy and Arbitration Rules. In fact, these Arbitration Rules were not provided to Plaintiff until after this lawsuit was filed. (Pl.'s Resp. at 1, 4, 6; Defs.' Reply, Ex. 3, 8/14/12 email; Defs.' Reply, Ex. 5, Brown Aff. at ¶¶ 6, 9.) Before signing the Agreement to Arbitrate and while employed with Defendant Serra Chevrolet, Plaintiff did not ask to see the Arbitration Rules. (Brown Aff. at ¶¶ 6, 9.)

Plaintiff alleges that she reported disparate treatment on the basis of her gender to Defendant Don Tailor on December 19, 2011, was terminated on January 4, 2012 in retaliation, and was replaced by a male employee. (Compl., ¶¶ 13, 16-20.)

On January 10, 2012, Plaintiff filed a Charge of Discrimination with the federal government agency, Equal Employment Opportunity Commission ("EEOC"), and Michigan's Department of Civil Rights. (Compl. at ¶ 9 and Ex. A, 1/10/12 Charge of Discrim.) On February 7, 2012, Plaintiff was provided with a Right to Sue letter. (Compl. at ¶ 10 and Ex. B, 2/7/12 Notice of Suit Rights.) On April 19, 2012, Plaintiff filed this lawsuit.

## II. Analysis

This matter is now before the Court on Defendants' motion arguing that, because Plaintiff's discrimination claims fall within the scope of the Agreement to Arbitrate that she executed on December 5, 2011, she should be compelled to arbitrate her Title VII and Michigan Elliott-Larsen CRA claims and this matter should be dismissed. Plaintiff does not dispute that her Title VII and Elliott-Larsen CRA employment discrimination claims may be the subject of arbitration "if: (1) the parties have agreed to arbitrate the claims (there must be a valid, binding, contract covering the . . . claims), (2) the statute itself does not prohibit such agreements, and (3) the arbitration agreement does not waive the substantive rights and remedies of the statute and the arbitration procedures are fair so that the employee may effectively vindicate his statutory rights." *See Rembert v. Ryan's Family Steak Houses, Inc.*, 596 N.W.2d 208, 226 (Mich. Ct. App. 1999). *See also Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 653 (6th Cir. 2003) (citing cases and observing that "the choice to arbitrate statutory claims will change only the forum of the decision and not the

substantive protections afforded by the statutes in question."). Rather, Plaintiff argues that, because Defendant Serra Chevrolet failed to provide her with a copy of its Arbitration Rules setting out the procedures for arbitration at the time she signed the Agreement or during her employment with Defendant, she did not knowingly and voluntarily waive her right to a judicial forum thus rendering the Agreement to Arbitrate unenforceable. This Court agrees with Plaintiff.

As Defendants properly observe, when parties agree to arbitrate statutory anti-discrimination claims, they waive their right to seek relief in a judicial forum. *See Kennedy v. Superior Printing Co.*, 215 F.3d 650, 653 (6th Cir. 2000). The factors a court must consider when determining whether a plaintiff knowingly and voluntarily executed a waiver of her right to seek relief on her employment discrimination claims in a judicial forum include:

> (1) plaintiff's experience, background, and education; (2) the amount of time the plaintiff had to consider whether to sign the waiver, including whether the employee had an opportunity to consult with a lawyer; (3) the clarity of the waiver; (4) consideration for the waiver; as well as (5) the totality of the circumstances.

*Morrison*, 317 F.3d at 668 (internal quotation marks and citation omitted).

The Sixth Circuit recently examined decisions addressing this issue. *See Alonso v. Huron Valley Ambulance, Inc.*, 375 F. App'x 487, 492-93 (6th Cir. 2010). In *Alonso*, the court found that the plaintiffs did not knowingly and voluntarily waive their right to a judicial forum despite the fact that they "were educated and gave no indication that they did not understand the waivers they were signing, and they successfully used the grievance process on multiple occasions prior to contending that they did not knowingly and intelligently waive their right to a judicial forum." *Id.* at 493-94. The fatal flaw in their waiver

4

was the absence of "any information regarding the Grievance Review Board or the procedures that would be used in place of a judicial proceeding." *Id.* at 493. As the *Alonso* court explained:

> At the time the Alonsos signed waivers of their rights to a judicial forum, they had no idea what the Grievance Review Board process entailed. They were never informed of their right to revoke their waiver. They were not given any documentation regarding the process until almost a month after they began their employment with [the defendant employer]. Even then, the document they were given described the process in general terms, and pointed them to a website where they could find additional, more detailed information. They cannot be said to have knowingly and voluntarily waived their right to a judicial forum when they were not informed of the alternative procedures until a month after they began working for [defendant employer]. *Cf. Seawright* [*v. Am. Gen. Fin. Servs., Inc.*], 507 F.3d [967, 971 (6th Cir. 2007)] (explaining extensive efforts taken by defendant employer to inform employees of new dispute resolution procedures before requiring employees to waive all rights to a judicial forum).

*Id.* at 494.

Here, as in *Alonso*, at the time Plaintiff signed the Agreement to Arbitrate and waived her right to a judicial forum, she had no idea of what Defendant's arbitration process entailed. During her employment with Defendant Serra Chevrolet, it is undisputed that she was not given any documentation regarding that process. Moreover, because Plaintiff signed the Agreement to Arbitrate the same day she began her employment, she had little time to consider whether to sign it or to consult with a lawyer. Just as in *Alonso*, Plaintiff cannot be said to have knowingly and voluntarily waived her right to a judicial forum when she was never informed of Defendant's arbitration rules or process at any time during her employment.

5

### III. Conclusion

For the above-stated reasons, Defendants' motion to compel arbitration and to dismiss is DENIED.[1]

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 17, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 17, 2013, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

---

[1] In light of this decision and because it is undisputed that Plaintiff filed this action within the shortened six-month statute of limitations set out in her employment application, it is not necessary for this Court to address the validity of Plaintiff's waiver of a longer statute of limitations period.