# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**PARIS WILLIAMS,**

       **Plaintiff,**                         **CIVIL ACTION NO. 12-CV-11756**

  vs.

                                      **DISTRICT JUDGE NANCY G. EDMUNDS**

**SERRA CHEVROLET**               **MAGISTRATE JUDGE MONA K. MAJZOUB**
**AUTOMOTIVE, LLC and**
**DON TAILOR,**

       **Defendants.**
       _____/

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PSYCHOLOGICAL EXAMINATION (DOCKET NO. 28)

This matter comes before the Court on Defendants' motion to compel psychological examination. (Docket no. 28). Plaintiff filed a response. (Docket no. 33). Defendants filed a reply. (Docket no. 34). The matter has been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 29). The Court dispenses with oral argument pursuant to E. D. Mich. L.R. 7.1(f). The motion is ready for ruling.

Plaintiff brought this action against Defendants alleging employment discrimination in violation of Title VII of the Civil Rights Act and Michigan Elliott Larsen Civil Rights Act. Among other things Plaintiff alleges psychological and emotional damages for which she claims she has been treating with a medical professional. Defendants now move for an order compelling Plaintiff to submit to a psychological examination pursuant to Federal Rule of Civil Procedure 35 to be conducted by clinical psychologist Dr. Lyle D. Danuloff, Ph.D. Plaintiff does not oppose the

1

Independent Medical Examination but requests an order permitting her to tape record the examination. She also asks that the following conditions be imposed: (a) the examination not involve invasive procedures without her prior consent or Court order, (b) the examiner produce copies of all dictation tapes, notes, reports, and other related documents, (c) Plaintiff's counsel be provided a copy of any report generated as a result of the Independent Medical Examination, (d) Defendants' Independent Medical Examiner must charge Plaintiff's counsel a reasonable rate for time spent at deposition, and (e) Plaintiff's counsel be permitted to take the discovery deposition of Defendants' Independent Medical Examiner prior to the examiner's trial testimony. (Docket no. 33). In an effort to resolve this motion the parties each submitted a proposed protective order for the Court's review.

Federal Rule of Civil Procedure 35 provides that a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed.R.Civ.P. 35(a)(1). "The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed.R.Civ.P. 35(a)(2)(A) and (B).

Rule 35(a) is silent on the question of whether a recording of the examination or observers should be allowed during the examination. Despite that silence, the majority federal view is that recording of the examination and observers should not be allowed unless the person to be examined shows special need or good reason for the recording or observer. *Lahar v. Oakland Cnty.*, No. 05-72920, 2006 WL 2269340, at *8 (E.D. Mich. Aug. 8, 2006) (citations omitted). "The party seeking to record or videotape an examination bears the burden of showing good cause for the request."

*Paris v. Murray*, No. 10-10847, 2011 WL 806588, at \*1 (E.D. Mich. Mar. 2, 2011) (citation and internal quotation marks omitted). "In this district, courts have recognized that 'special need' or 'good reason' can be shown when bias exists or when a party is incompetent." *Marmelshtein v. City of Southfield*, No. 07-15063, 2012 WL 707030, at \*2 (E.D. Mich. Mar. 5, 2012) (citing *Zantello v. Shelby Twp.*, No. 06-10745, 2007 WL 737723, at \*2 (E.D. Mich. Mar. 7, 2007)).

Plaintiff alleges bias on the part of Defendants' Independent Medical Examiner, arguing that she is being asked to attend a psychological examination by Defendants for the adversarial purpose of discovering evidence to dispute her claims. Based on this argument and her reliance on *Kuslick v. Roszczewski*, No. 09-12307, 2012 WL 899355 (E.D. Mich. Mar. 16, 2012), Plaintiff argues that she should be permitted to tape record the examination.

In *Kuslick*, the defendant sought an order compelling the plaintiff to submit to a mental examination after the plaintiff refused to submit to a voluntary examination, claiming that her mental status was not at issue. Plaintiff argued that she had not been treated by a psychiatrist, psychologist, or social worker, and she had no intention of presenting psychiatric, psychological, or medical evidence or treaters at trial. The court concluded that the plaintiff's mental state was at issue and granted the defendant's request for a mental examination. Nevertheless, the court theorized that the examiner may not be fully independent, having been retained by the defendant to gather evidence to dispute the plaintiff's claims, and thus permitted the plaintiff to record the examination.

In contrast to *Kuslick*, Plaintiff in the case at bar does not dispute that her mental state is in question. Instead, she asserts that she is currently seeking treatment from Dr. John Canine, Ed.D, Ph.D. because of Defendants' actions. Plaintiff has named Dr. Canine and his employees and/or agents as potential witnesses at trial.

3

The Court finds that Defendants have made the requisite showings under Rule 35 that Plaintiff's mental condition is in controversy and that good cause exists for the psychological examination. The Court further finds that Plaintiff has not identified a special need or good reason that would persuade this Court to deviate from the majority federal view and allow a recording or observer during the psychological examination. Plaintiff will have opportunity through her own testimony, the testimony of her witnesses, and cross-examination to challenge any alleged inaccuracies with Dr. Danuloff's findings. *See Lahar v. Oakland Cnty.*, No. 05-72920, 2006 WL 2269340, at *8 (E.D. Mich. Aug. 8, 2006).

**IT IS THEREFORE ORDERED** that Defendants' motion to compel psychological examination (docket no. 28) is **GRANTED** with the following conditions:

1. The psychological examination must be conducted in compliance with Fed. R. Civ. P. 35.
2. Plaintiff must appear for the Independent Psychological Examination on a mutually convenient date, time, and place to be determined by Counsel for the parties. The examination must take place within the discovery deadline.
3. Defendants' Independent Psychological Examiner, Dr. Lyle D. Danuloff, Ph.D., is not to perform any medically invasive procedures without the prior consent of Plaintiff's Counsel or Order of the Court.
4. Plaintiff's Counsel must provide a copy of any report(s) generated as a result of Plaintiff's Independent Psychological Examination.
5. Defendants' Independent Psychological Examiner must charge Plaintiff's Counsel a reasonable rate for time spent at deposition.
6. Counsel for the parties may take the discovery depositions of Dr. Canine and Defendants' Independent Psychological Examiner in accordance with the Court's Scheduling Order (docket no. 31).

**IT IS FURTHER ORDERED** that Plaintiff submit to the proposed examination pursuant to Rule 35 without any third party observer and that Plaintiff is not permitted to make either an audio recording or video recording of the examination.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: July 10, 2013            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: July 10, 2013            s/ Lisa C. Bartlett
                                Case Manager