UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARIS WILLIAMS,

      Plaintiff,

vs.

SERRA CHEVROLET
AUTOMOTIVE, LLC and
DON TAILOR,

      Defendants.
_____/

CIVIL ACTION NO. 12-11756

DISTRICT JUDGE NANCY G. EDMUNDS

MAGISTRATE JUDGE MONA K. MAJZOUB

## ORDER DENYING DEFENDANTS' MOTION TO COMPEL DISCOVERY (DOCKET NO. 17)

This matter comes before the Court on Defendants' motion to compel discovery. (Docket no. 17). Plaintiff filed a response. (Docket no. 21). The parties filed joint statements of resolved and unresolved issues. (Docket nos. 32, 39). The matter has been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 18). The Court dispenses with oral argument pursuant to E. D. Mich. L.R. 7.1(f). The motion is ready for ruling.

Defendants served their First Set of Interrogatories and Request for Production of Documents to Plaintiff on February 12, 2013, seeking responses to twenty-four interrogatories and one document request. (Docket no. 17, ex. 1). On the same day, Defendants served their First Set of Production of Documents to Plaintiff, seeking responses to twenty-eight document requests. (Docket no. 17, ex. 2). Pursuant to Federal Rules of Civil Procedure 33 and 34, Plaintiff's written responses and objections were due within thirty days of being served or by March 14, 2013. Defendants filed the instant motion to compel on March 15, 2013, claiming that Plaintiff had failed

1

to file responses or produce documents within the thirty day deadline. Defendants seek an order compelling discovery and an award of reasonable expenses incurred in filing this motion.

Plaintiff shows that she filed responses and objections to the discovery requests on March 28, 2013. (Docket no. 21). The joint statement indicates that the parties have been unable to resolve their dispute with regard to Plaintiff's responses to Interrogatories nos. 12, 21, and 22.

Interrogatory no. 12 asks Plaintiff to set forth in detail all facts known to her or any of her representatives that support the allegations in paragraphs 14, 16, 17, 18, 19, 20, 22, 27, 28, 31, 32, 39, 43, 44, 45, and 46 of the complaint and the names, addresses and telephone numbers of every witness who will testify in support of the allegations. In addition, the interrogatory directs Plaintiff to attach copies of all documents that support her response. Plaintiff objected to the request for multiple reasons, including that the request was vague, overly broad, and unduly burdensome.

Federal Rule of Civil Procedure 33 permits a party to serve no more than twenty-five written interrogatories, including all discrete subparts, without leave of court. Fed.R.Civ.P. 33(a)(1). "Discrete subparts" of an interrogatory are questions which ask for discrete pieces of information. *Nolan, LLC v. TDC Int'l Corp.*, No. 06-14907, 2007 WL 3408584, at *3 (E.D. Mich. Nov. 15, 2007) (citing *Prochaska & Assocs. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 155 F.R.D. 189, 191 (D.Neb.1993)). A subpart that is related to the primary question or directed at eliciting details concerning the common theme of the interrogatory should be counted as one interrogatory rather than as a discrete and separate interrogatory. *Harhara v. Norville,* No. 07–12650, 2007 WL 2897845, at * 1 (E.D. Mich. Sept. 25, 2007).

Interrogatory no. 12 asks for detailed information concerning sixteen separate paragraphs of the complaint. The Court finds that Interrogatory no. 12 contains discrete subparts and must be counted as multiple interrogatories. The Court further finds that the total number of interrogatories propounded by Plaintiff exceeds the twenty-five interrogatory limit. In addition, Defendants' request to produce or provide documents is not properly the subject of this interrogatory. *See United States v. Five Thousand Two Hundred Dollars in United States Currency ($5200.00)*, No. 08-11912, 2008 WL 4811000, at *2 (E.D. Mich. Oct. 31, 2008). Accordingly, Defendants' motion will be denied as to Interrogatory no. 12.

Interrogatory no. 21 asks Plaintiff to state whether she has had an internet account with any provider during the period of December 5, 2011 to the present, provide the name and address of all internet accounts during the stated period, and identify which internet accounts and addresses are currently being used. Plaintiff objected that the request was not relevant or likely to lead to relevant information. Without further explanation, Defendants state that the requested information is relevant to damages, mitigation, and credibility and may provide pertinent information pertaining to this case, particularly as it relates to after acquired information that would have justified the employment action taken. The Court finds that Defendants failed to show that the information requested in Interrogatory no. 21 is relevant to the claims or defenses in this action. Defendants' motion is denied as to this request.

Interrogatory no. 22 asks Plaintiff to state whether she has or has had a personal computer during the period of December 5, 2011 to the present and identify each computer she owned during the stated period; the present status of each computer she owned during the stated period; whether any of the computers referenced have been destroyed or disposed of; whether any of the computers

referenced above have had modifications or changes made to their hard drives; and whether Plaintiff has now or in the past used external hard drives or memory devices (such as memory sticks) to back up data from any of the computers referenced. The Court will deny Defendants' motion to compel a response to this request for lack of relevance.

Defendants seek costs and fees incurred in filing this motion. Plaintiff filed her responses and objections to the discovery requests fourteen days past the thirty day response deadline. However, the Court is not convinced that Defendants could not have avoided filing this motion if they had simply worked with Plaintiff to extend her response date. Defendants have not shown that they made any effort to do so. Defendants' request for costs and attorney's fees will be denied.

**IT IS THEREFORE ORDERED** that Defendants' motion to compel discovery (docket no. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' request for costs and fees associated with filing this motion is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: September 30, 2013      s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: September 30, 2013		s/ Lisa C. Bartlett
		Case Manager